

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 18, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 426

Re: Whether County Clerk is
authorized to file a "certificate
of ownership" in Assumed Name
Records.

Dear Mr. Resweber:

Your question concerns the authority of the county clerk to record
two written instruments submitted to his office in compliance with Article
5924.1, V. T. C. S., the "Business under assumed name" statute.

Article 5924.1, V. T. C. S., requires that anyone transacting business
under an assumed name must file with the county clerk in the county where
the business is to be transacted a certificate containing the following informa-
tion:

> 1. The name under which such business is or is to
> be conducted;
>
> 2. The true or real full name or names of the person
> or persons conducting such business; and
>
> 3. The post-office address or the addresses of such
> persons.

Of the two instruments given to the clerk under authority of this
article, one is executed by the "nominee" of an unincorporated business
trust, which is legally under the control of several trustees who reside
in another state. This first instrument contains the name and personal
address of the "nominee," the assumed name of the business, and the
names of the trustees. It does not contain the addresses of the trustees,

p. 1975

nor is it executed by them.   The second instrument gives the names of the trustees, recites that they will conduct business under a certain assumed name, provides the business address of the trust, but does not contain the personal addresses of the trustees, individually.

The county clerk has questioned the sufficiency of both certificates under Article 5924.1, V. T. C. S.   Neither instrument discloses the personal addresses of the trustees who legally own and control the business. Certainly, the county clerk, before performing a ministerial duty such as recording a document, is entitled to examine the face of the document to determine if it is the type of instrument he is authorized to record. Under Article 5924.1 the addresses of the persons who intend to transact business under an assumed name is an essential element of the certificate. Although the clerk is not responsible for verifying the accuracy of the information contained in an assumed name certificate, we believe he may refuse to record a certificate which is clearly defective on its face.   See Attorney General Opinion M-578 (1970) (information required in a declaration of informal marriage).

Judged by these standards, it is our opinion that the certificate executed by the nominee, stating that he will conduct business, and providing all information required as a condition of his transacting business under an assumed name, is authorized to be recorded.   Sinclair Refining Co. v. Smith, 13 F. 2d 68 (5th Cir. 1926).

The second certificate executed by the trustees, and stating that they intend to do business under an assumed name, could properly be denied registration because it gives only the business address of the unincorporated trust.   Article 5924.1 has as its purpose the protection of the public who do business with persons operating under assumed business names.   Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 1036 (Tex. 1925).   The statute requires the filing of a certificate giving the real identity and address of the person or persons doing business under an assumed name.   In our opinion neither the purpose of the law, nor its literal requirements, can be satisfied by a document containing only the business address of the unincorporated business trust.   Consequently, the county clerk is not authorized to record the instrument proferred by the trustees as an "assumed name certificate. "

## SUMMARY

An "assumed name certificate" under Article 5924.1, V. T. C. S., must contain all the information required by law before the County Clerk is authorized to record the instrument as a county record.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg